UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CORDEL McDONALD,<br><br>Plaintiffs,<br><br>-against-<br><br>THE CITY OF NEW YORK, NEW YORK CITY POLICE DEPARTMENT, ARRESTING OFFICERS OF THE 67TH PRECINCT, POLICE OFFICER ADE AJASA, TAX # 941326, SERGEANT NOEL LAWRENCE, TAX # 938826,<br><br>Defendants, | Civil Action # CV 2013-0587<br><br>AMENDED COMPLAINT<br><br>DEMAND FOR JURY TRIAL |

## JURISDICTION AND VENUE

1) This case arises under 42 U.S.C. §1983, the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution, and various state-law governmental tort statutes. Jurisdiction in this Honorable Court is conferred by 28 U.S.C. §§ 1331 and 1343. Plaintiff's state-law claims are within the Court's supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2) Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391, as the underlying acts, omissions, events, injuries and related facts upon which the present action are based, occurred in the County of Kings, State of New York.

3) The Plaintiff is and was a citizen of New York.

## PARTIES

4) Plaintiff CORDEL MCDONALD is an adult qualified to bring suit on his own behalf.

5) Defendant CITY OF NEW YORK ("CITY") is a municipal corporation organized and existing under the laws of the State of New York. Defendant NEW YORK CITY POLICE DEPARTMENT ("NYPD") is a public agency subject to suit. In this case, the NYPD acted

through agents, employees, and servants, including their policymakers and through Defendants ARRESTING OFFICERS OF THE 67TH PRECINCT, POLICE OFFICER ADE AJASA, TAX # 941326 and SERGEANT NOEL LAWRENCE, TAX # 938826 ("OFFICERS") who are sued herein in their individual capacity only.

6) At all times, ARRESTING OFFICERS OF THE 67TH PRECINCT, POLICE OFFICER ADE AJASA, TAX # 941326 and SERGEANT NOEL LAWRENCE, TAX # 938826 were and are agents, servants, employees, and officers employed by the City of New York and the New York City Police Department at the 67th Precinct.

7) At all times, Defendant NYPD possessed the power and authority to adopt policies and prescribe rules, regulations, and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the NYPD, including those individuals charged with protecting the health and safety of detainees and arrestees at CITY detention facilities, including Plaintiff CORDEL MCDONALD, and to assure that said actions, policies, rules, regulations, practices and procedures of the NYPD and its employees and agents comply with the laws and constitutions of the United States and of the State of New York.

8) Plaintiff is informed and believes, and thereupon alleges, that at all times mentioned herein Defendant OFFICERS were employees, agents and/or servants of the CITY, acted within the course and scope of said employment, agency and/or service, and possessed the power and authority and were charged by law with the responsibility to enact policies and to prescribe rules and practices concerning the operation of the CITY detention facilities,

9) Plaintiff is ignorant of the true names and capacities of Defendants sued herein as ARRESTING OFFICERS OF THE 67th PRECINCT, inclusive, and therefore sues these

Defendants by such fictitious name. Plaintiff is informed, believes and alleges, that each of the fictitiously named Defendants, is legally responsible, intentionally, negligently, or in some other actionable manner, for the events and happenings hereinafter referred to, and thereby legally caused the injuries, damages, and violations and/or deprivation of rights hereinafter alleged. Plaintiffs will seek leave of Court to amend this Complaint and state the true names and/or capacities of said fictitiously named defendants when the same have been ascertained.

10) The reason why Plaintiff is ignorant of the true names and capacities of all Defendants sued herein as ARRESTING OFFICERS OF THE 67th PRECINCT, inclusive, is that same have been unascertainable as of the date of filing of this Complaint, as many of these OFFICERS may be NYPD deputies, sergeants, captains, lieutenants, commanders, deputy chiefs, and/or civilian employee agents, policy makers and representatives of the NYPD, or employees, agents and representatives of Defendant CITY and others, and as such many of their records are protected by state statute and can only reasonably be ascertained through the discovery process.

11) The individual Defendants were at all times mentioned herein duly appointed, qualified and acting officers of the NYPD, acting within the course and scope of such employment with the CITY and under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and of the City of New York.

12) That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules 1602 with respect to joint and several liability.

## FACTS

### A. General Allegations re Policy and Practice

13) Defendants CITY and NYPD, with deliberate indifference, gross negligence, and reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff and all persons similarly situated, maintained, enforced, tolerated, permitted, acquiesced in, and applied policies or practices of, among other things,

a. Failing to adequately train, supervise, and control deputies, civilian employees or volunteers in the arts of law enforcement;

b. Failing to adequately discipline deputies or civilian employees involved in misconduct; and

c. Condoning and encouraging deputies and civilian employees in the belief that they can violate the rights of persons such as the Plaintiff in this action with impunity, and that such conduct will not adversely affect their opportunities for promotion and other employment benefits.

14) Plaintiff is informed and believes, and on the basis of such information and belief alleges, that Defendants CITY and NYPD ordered, authorized, acquiesced in, tolerated, or permitted other defendants herein to engage in the unlawful and unconstitutional actions, policies, practices, and customs set forth in the preceding paragraphs. Defendants' conduct as alleged herein constitutes a pattern of constitutional violations based either on a deliberate plan by defendants or on defendants' deliberate indifference, gross negligence, or reckless disregard to the safety, security, and constitutional and statutory rights of Plaintiff.

B.    **The Incident**

15)    Early in the evening of February 24, 2012, Plaintiff was arrested on the corner of 95th Street and Clarkson Avenue in Kings County, in the City of New York, for a violation of New York Penal Article § 220.16, 220.03 and 220.50, commonly known as criminal possession of a controlled substance and criminally using drug paraphernalia. Two NYPD Officers had observed Plaintiff exiting the corner store and crossed the street to approach him. The OFFICERS informed Plaintiff he was under arrest and refused to give any further details.

16)    Plaintiff was subjected to a pat-down search and was placed in hand cuffs. Plaintiff was not in possession of any drugs or paraphernalia. He was taken to the 67th Precinct at approximately 5:30 pm.

17)    Upon arrival at the 67th Precinct, Plaintiff was strip searched and told he was being arrested for drug possession.

18)    Early the next morning, at Central Booking, Plaintiff spoke to a legal aid attorney and was arraigned. Plaintiff pled "not guilty" and was Released on his own Recognizance at approximately 12:00 am on February 27, 2012.

19)    Approximately three or four days after his release, Plaintiff received a harassing telephone call from SERGENT NOEL LAWRENCE. Plaintiff changed his telephone number almost immediately. To date, SERGEANT LAWRENCE continues to harass Plaintiff on a regular basis with verbal threats, intimidation and unwarranted searches on the street.

20)    Plaintiff appeared at the criminal court on April 4, 2012 as directed by the Court. He did not see a Judge, but continued to 120 Schermerhorn Street where he discovered his case had been dismissed.

21)    Plaintiff's case was dismissed on March 12, 2012.

## DAMAGES

22) As a direct and proximate result of the deliberately indifferent and wrongful conduct of Defendants herein, Plaintiff has suffered and continues to suffer injury, damage and loss including, but not limited to:

(a) Severe emotional distress;

(b) anguish;

(c) Pain and suffering;

(d) Loss of quality and/or enjoyment of life, resulting in Plaintiff's economic and non-economic damage in amounts to be proven at the time of trial.

23) The wrongful acts of the OFFICERS excluding Defendants CITY and NYPD, were willful, oppressive, intentional and malicious; therefore, punitive damages should be assessed against Defendants in an amount deemed sufficient to punish and deter Defendants and others in similar positions of authority from engaging in similar conduct in the future.

24) Pursuant to 42 U.S.C. § 1988(b), Plaintiff is entitled to recover his reasonable attorney fees incurred herein.

## FIRST CAUSE OF ACTION

25) Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

26) That on or about February 24, 2012, the Defendants, their agents, servants and employees, including but not limited to the police, wrongfully and falsely arrested, imprisoned and detained Plaintiff without any right or justifiable grounds therefore.

27) That the aforesaid arrest, detention and imprisonment continued at various locations.

28) That the arrest, detention and imprisonment was caused by the Defendants, its agents, servants and employees, including but not limited to the police without a warrant and without any reasonable cause or belief that Plaintiff was in fact guilty of any crime.

29) That the CITY, its agents, servants and employees, as set forth above, intended to confine Plaintiff; that Plaintiff was conscious of the confinement; that Plaintiff did not consent to the confinement; and that the confinement was not otherwise privileged.

30) That by reason of the false arrest, imprisonment and detention of Plaintiff, Plaintiff was subjected to great indignities, humiliation and ridicule in being so detained, and was caused to suffer much pain in both mind and body, and to sustain economic loss, and was otherwise damaged.

## SECOND CAUSE OF ACTION

31) Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

32) That following his arrest, Plaintiff was wrongfully, falsely and maliciously charged by Defendants and prosecuted with a crime of which he was innocent.

33) That as a result thereof, Plaintiff was required to appear in court to defend against these wrongful charges.

34) That as a result of the aforesaid malicious prosecution, Plaintiff was subjected to great indignities, humiliation and ridicule, was greatly injured in his credit and circumstances, and was caused to suffer much pain in both mind and body, and was otherwise damaged.

## THIRD CAUSE OF ACTION

35) Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

36) That the aforesaid actions, and resulting injuries to Plaintiff, were due to the negligence of the Defendants in the hiring, retention and training of its employees, including the police officers involved in the arrest and malicious prosecution of the Plaintiff.

## FOURTH CAUSE OF ACTION

37) Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

38) That Plaintiff was deprived of his rights, privileges and immunities secured by the Constitution of the United States of America and of the State of New York, and his rights pursuant to 42 U.S.C. § 1983 by those who, under color of a statute or regulation of a state, caused Plaintiff to be so deprived.

39) That the aforesaid actions by the OFFICERS were done pursuant to an official municipal policy or a custom of the CITY, which policy involved the indiscriminate detention, interrogation, intimidation and prosecution of individuals who were engaged in criminal conduct, and for the purpose of thwarting the fair administration of justice.

40) That Defendants herein, their agents, servants and employees, motivated in part by racial and/or ethnic animus, conspired to deprive Plaintiff of his Federal Civil Rights and Constitutional Rights, in violation of 42 U.S.C. § 1985.

## FIFTH CAUSE OF ACTION

41) Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

42) The CITY and NYPD, while acting under color of law, deprived Plaintiff of his Civil Rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution when they subjected him to cruel and unusual punishment and acted with deliberate indifference and reckless disregard toward Plaintiff's right to be free from unreasonable seizures, and afforded due process of law and by, among other things, the following acts:

(a) Searching Plaintiff's person without a properly executed search warrant;

(b) Subjecting Plaintiff to continuous searches, to date, in an ongoing effort to harass Plaintiff.

43) The above acts and omissions, while carried out under color of law, have no justification or excuse in law, and instead constitute a gross abuse of governmental authority and power, shock the conscience, are fundamentally unfair, arbitrary and oppressive, and unrelated to any activity in which governmental officers may appropriately and legally undertake in the course of protecting persons or property, or ensuring civil order. The above acts and omissions were consciously chosen from among various alternatives.

## SIXTH CAUSE OF ACTION

44) Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

45) Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, Defendants CITY and NYPD, with deliberate indifference, and conscious and reckless disregard to the safety, security and constitutional and statutory rights of Plaintiff,

maintained, enforced, tolerated, ratified, permitted, acquiesced in, and/or applied, among others, the following policies, practices and customs:

(a) failing to adequately train, supervise, and control employees in the proper procedures to question, detain and search a suspect;

(b) failing to adequately train, supervise, and instruct employees in properly investigating suspected criminal activity;

(c) failing to establish policies and procedures for the proper detention, search and arrest of suspects;

(d) failing to establish policies and procedures to execute a proper search of a suspects property or person.

46) As a direct and proximate result of the foregoing, Plaintiff sustained injury and damage as proved and as more specifically stated above.

## SEVENTH CAUSE OF ACTION

47) Plaintiff repeats and realleges each and every allegation contained above as though set forth at length herein.

48) At all times mentioned herein and prior thereto, Defendants CITY, NYPD and OFFICERS had a duty to train, instruct, supervise and discipline their subordinates to assure they respected and did not violate constitutional and statutory rights of suspects and ordinary citizens, and to objectively investigate violations of said person's rights, including, but not limited to, the right to be free of infliction and cruel and unusual punishment by torture and the right to be safe and protected from injury while in Defendants' custody, under the Fourth, Eighth and Fourteenth Amendments to the U.S. Constitution.

49) Plaintiff is informed and believes, and thereupon allege, that prior to the incident

alleged herein, individual Defendants, CITY and NYPD facilitated, permitted, ratified and condoned similar acts of its employees, and were deliberately indifferent to the health and safety of suspects in general and Plaintiff in particular. Said Defendants knew, or should have reasonably known, of this practice, pattern or policy of constitutional violations, and additionally, of the existence of facts and situations which created the potential of unconstitutional acts, and had a duty to instruct, train, supervise and discipline their subordinates to prevent similar acts to other persons, but failed to do so.

50) As a result thereof, Plaintiff's rights under the Fourth and Fourteenth Amendments to the U.S. Constitution were violated. As a further result thereof, Plaintiff sustained the injuries and damages alleged herein.

51) The conduct of the individual defendants mentioned herein, in their individual capacities, was intentional, malicious, willful, wanton and in reckless disregard of Plaintiff's constitutional rights and/or grossly negligent in that this conduct shocks the conscience and is fundamentally offensive to a civilized society, so as to justify the imposition of punitive damages on these Defendants in their individual capacity.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. General and compensatory damages in an amount according to proof;

2. Special damages in an amount according to proof;

3. Statutory damages;

4. Exemplary and punitive damages against each individual OFFICER, not against the public entities, according to proof;

5. Costs of suit, including attorneys' fees; and,

      6.      Such other relief as may be warranted or as is just and proper.

Dated:   April 17, 2013

                                                        LAW OFFICE OF ANDREW C. LAUFER

                                                        By: Andrew C. Laufer  
                                                        Attorney for Plaintiff  
                                                        CORDEL McDONALD  
                                                        255 West 36th Street, Suite 1104  
                                                        New York, New York 10018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Civil Action: #CV 2013-0587

CORDEL McDONALD,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK
CITY POLICE DEPARTMENT
ARRESTING OFFICERS OF THE 67th
PRECINCT, POLICE OFFICER ADE
AJASA, TAX #941326, SERGEANT
NOEL LAWRENCE, TAX # 938826

Defendants,

**AMENDED COMPLAINT
DEMAND FOR JURY TRIAL**

LAW OFFICE OF ANDREW C. LAUFER

**Attorney(s) for Plaintiff**

Office and Post Office Address
255 W. 36th Street, Suite 1104
New York, NY 10018

Tel: (212) 422 1020
Fax: (212) 422 1069

To:

Attorney(s) for:

Signature (Rule 130-1.1-a)

Print name beneath

Service of a copy of the within is hereby admitted.

Dated:

PLEASE TAKE NOTICE:

☐ NOTICE OF ENTRY
that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on

☐ NOTICE OF SETTLEMENT
that an order of which the within is a true copy
will be presented for settlement to the HON one of the judges of the
within named Court at
on           at           M.
Dated,

Yours, etc.

Law Office of Andrew C. Laufer